PER CURIAM.
A defendant in a mortgage foreclosure action has appealed from a final judgment entered by the Circuit Court for Escambia County, holding that his lien is inferior to the plaintiff’s mortgage lien.
The basic question presented for our determination in this appeal is whether, under the evidence adduced by the parties, that court correctly ruled that the lien of the plaintiff, as the holder of the mortgage foreclosed herein, is superior to the lien of the said defendant, a general contractor.
The evidence before that court establishes the following as the time table of pertinent events and facts:
In July of 1963 the appellant-defendant, Charles H. Blanchard, doing business as Blanchard Construction Company, hereinafter referred to as Blanchard, entered into an agreement with the Ben White Corporation, hereinafter referred to as White, to build a dam on White’s land in connection with a subdivision development. On April 6, 1967, Blanchard filed in the public record, a claim of lien in the amount of $91,226.55, against the said land, pursuant to the provisions of Section 84.111, Florida Statutes, for labor and materials furnished by Blanchard under the said agreement.
Under date of December 31, 1965, White executed a note and mortgage to the Commonwealth Corporation, covering the said land in the principal amount of $541,500. Immediately after the execution and delivery of this note and mortgage to Commonwealth, the latter assigned them to the plaintiff, Continental Mortgage Investors, a Massachusetts business trust, hereinafter referred to as CMI.
In response to the plaintiff’s complaint in this foreclosure action, Blanchard filed an answer and counterclaim, alleging in substantial effect that he is a lienor in privity not only with White but also with CMI and possessed of a lien prior in dignity to CMI; that CMI had expressly contracted to pay him for his work, and CMI also owed him on account of implied contract; that CMI had been unjustly enriched to the extent of $91,226.55, at Blanchard’s expense; that CMI is estopped to deny that Blanchard has a lien prior in dignity to all other claims upon the land.
We have examined the evidence adduced by the parties before the court on the question of the priority between CMI’s lien and Blanchard’s lien, and it is our opinion that the only reasonable conclusion deducible from that evidence is Blanchard proved the above allegations of his answer and counterclaim. Therefore, his lien was legally superior to CMI’s mortgage lien. The Circuit Court’s finding to the contrary in the final judgment before us, therefore, is erroneous.
For the foregoing reasons the final judgment appealed from herein must be, and it is, reversed, and the cause is remanded with directions for further proceedings consistent with the views herein-above set forth.
Reversed and remanded with directions.
CARROLL, DONALD K., Acting C. J., and RAWLS and JOHNSON, JJ., concur.